IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ATTORNEY GRIEVANCE COMMISSION OF MARYLAND, ) ) ) )     Plaintiff/Petitioner,                 ) ) v.                                                              ) ) GARY STEVEN PISNER,                ) )     Defendant/Respondent, *pro se*.  ) | Civil Action No. 24-cv-02807-LKG  Dated:  December 19, 2024 |

# MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF/PETITIONER'S MOTION TO REMAND
### Introduction

The Plaintiff/Petitioner, the Attorney Grievance Commission of Maryland, has moved to remand this matter to the Supreme Court of Maryland, pursuant to 28 U.S.C. § 1447(c).  ECF No. 5.  The Defendant/Respondent, Gary Pisner, opposes the Plaintiff/Petitioner's motion to remand.  ECF No. 8.  The motion to remand is fully briefed.  ECF Nos. 5, 8, 11 and 14.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court **GRANTS** the Plaintiff/Petitioner's motion to remand and **REMANDS** this matter to the Supreme Court of Maryland.

### Factual Background And Procedural History[1]

On December 5, 2023, the Plaintiff/Petitioner filed a petition for disciplinary or remedial action against the Defendant/Respondent in the Supreme Court of Maryland.  ECF No. 5-3.  In the petition, the Plaintiff/Petitioner alleges that the Defendant/Respondent is a member of the Maryland Bar and that between 2009 and 2016, while acting as co-trustee and attorney for the Marion E. Pisner Revocable Trust, the Defendant/Respondent: (1) used trust funds to pay personal expenses, distributing to himself funds in excess to those distributed to the co-trustee,

---

[1] The facts recited in this memorandum opinion and order are taken from the Plaintiff/Petitioner's memorandum of law in support of the motion to remand, the petition for disciplinary or remedial action, and the Defendant/Respondent's notice of removal.  ECF Nos. 1, 5-1 and 5-3.

and (2) failed to keep and maintain adequate records of the administration of the trust. *Id*. at ¶¶ 2-8. The Plaintiff/Petitioner further alleges that, between 2016 and 2020, the Defendant/Respondent engaged in extensive litigation related to the administration of the trust, in which he filed multiple lawsuits, motions and appeals that were frivolous, or without merit. *Id*. at ¶¶ 9-109. The Plaintiff/Petitioner alleges that, based on this conduct, the Defendant/Respondent violated the multiple provisions of the Maryland Attorneys' Rules of Professional Conduct. *Id*. at ¶ 110. And so, the Plaintiff/Petitioner seeks disciplinary action against the Defendant/Respondent and a money judgment for reasonable costs associated with this action as relief.[2] *Id*.

On September 27, 2024, the Defendant/Respondent removed this matter from the Supreme Court of Maryland to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1447. ECF No. 1. In the September 27, 2024, Notice of Removal, the Defendant/Respondent alleges that multiple "constitutional deficiencies" occurred while this matter was pending in the Circuit Court for Montgomery County, Maryland. ECF No. 1 at 2-3. The Defendant/Respondent further alleges that: (1) the Circuit Court did not address the alleged constitutional deficiencies before the case was returned to the Supreme Court of Maryland, on July 30, 2024 and (2) the Defendant/Respondent filed a motion to establish a briefing schedule "to address the procedural and due process errors, that the circuit court . . . failed to remedy[,]" which was denied by the Supreme Court of Maryland, on August 28, 2024. *Id*. at 3-4. And so, the Defendant/Respondent argues that removal to this Court is appropriate under 28 U.S.C. § 1441(1)(c)(A), because: (1) "the issues [raised by the Defendant/Respondent] constitute a claim arising under the U.S. Constitution of the United States" and (2) "the . . . Maryland rules related to Maryland disciplinary proceedings act as a unconstitutional constitutional impediment, and this Court intervention can remove that impediment." *Id*. at 4.

On October 9, 2024, the Plaintiff/Petitioner filed a motion to remand. ECF No. 5. On October 28, 2024, the Defendant/Respondent filed a response in opposition to the

---

[2] Consistent with the procedure for attorney discipline proceedings, the Circuit Court for Montgomery County, Maryland: (1) held certain proceedings in the matter; (2) made certain evidentiary findings and conclusions of law on July 30, 2024; and (3) returned the matter to the Supreme Court of Maryland for further proceedings. ECF No. 5-1 at 2; ECF No. 5-4 at 12-13; ECF No. 5-2 at 3-4.

Plaintiff/Petitioner's motion to remand. ECF No. 8. On November 12, 2024, the Plaintiff/Petitioner filed a reply brief. ECF No. 9. On December 6, 2024, the Defendant/Respondent filed a sur-reply brief by leave of the Court. ECF No. 14.

The Plaintiff/Petitioner's motion to remand having been fully briefed, the Court resolves the pending motion.

## Standards Of Decision

### A. Removal Of State Court Civil Actions

Under the general removal statute, 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). For original jurisdiction to exist, a matter pending before this Court must present either, a federal question arising under the Constitution, laws, or treaties of the United States, or involve diversity jurisdiction, *i.e.*, a matter between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. To resolve whether the federal courts have original jurisdiction, the Court asks "whether the plaintiff could have filed its operative complaint in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). In this regard, the Fourth Circuit has also held that a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). And so, if the plaintiff later challenges removal in a motion to remand, the burden is on the defendant to demonstrate that removal jurisdiction is proper. *Id.* at 297; *see also Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009).

### B. Relevant Maryland Rules And Law

Rule 19-721(a)(1) of the Maryland Attorneys' Rules of Professional Conduct provides that "[u]pon approval or direction of the Commission, Bar Counsel, on behalf of the Commission, shall file a Petition for Disciplinary or Remedial Action in the Supreme Court." Md. At'tys. R. Prof. Conduct 19-721(a)(1). "Upon the filing of a Petition for Disciplinary or Remedial Action, *the Supreme Court* may enter an order designating (1) a judge of any circuit court to hear the action, and (2) the clerk responsible for maintaining the record. . . . Upon entry of [such] an order . . . the clerk of the Supreme Court shall send an electronic copy to Bar

3

Counsel . . . ."  Md. At'tys. R. Prof. Conduct 19-722.  Under Maryland law, the Supreme Court of Maryland has "exclusive jurisdiction over [Maryland] 'attorney disciplinary proceedings.'" *Attorney Grievance Comm'n v. Clevenger*, 459 Md. 481, 491 (2018).  And so, this Court has recognized that the Supreme Court of Maryland "has original and complete jurisdiction over attorney discipline proceedings in Maryland."  *Attorney Grievance Comm'n of Md. v. Rheinstein*, 2017 WL 4167402, at *2 (D. Md. Sept. 20, 2017) (quoting *Attorney Grievance Comm'n of Md. v. O'Leary*, 433 Md. 2, 28 (2013)), *aff'd in part, dismissed in part,* 750 Fed. Appx. 225 (4th Cir. 2019).

## **Analysis**

The Plaintiff/Petitioner has moved to remand this matter to the Supreme Court of Maryland, upon the following three grounds: (1) this Court does not have subject-matter jurisdiction over this matter, because exclusive jurisdiction over attorney disciplinary actions rests with the Supreme Court of Maryland; (2) the Defendant/Respondent's allegation that he was deprived of due process of law during his disciplinary proceeding is not an appropriate basis for removal under 28 U.S.C. § 1441(a); and (3) the Defendant/Respondent did not timely remove this action, pursuant to 28 U.S.C. § 1446(b)(3).  *See generally* ECF No. 5-1.  And so, the Plaintiff/Petitioner requests the Court remand this action to the Supreme Court of Maryland for further proceedings.  *Id.*

The Defendant/Respondent counters that remand is not warranted, because: (1) he raises a claim under the United States Constitution in this matter; (2) state and federal courts have concurrent jurisdiction over this matter; and (3) removal of the case was timely under 28 U.S.C. 1446.[3]  *See generally* ECF No. 8.  And so, the Defendant/Respondent requests that the Court deny the Plaintiff/Petitioner's motion to remand.  *Id*. at 15.

For the reasons that follow, the Court must remand this matter, because the Court lacks subject-matter jurisdiction to consider this dispute.  And so, the Court GRANTS the Plaintiff/Petitioner's motion to remand.

The Defendant/Respondent has not met his burden to show that the removal of this case is appropriate.  The Maryland Attorneys' Rules for Professional Conduct and Maryland law

---

[3] The Defendant/Respondent cites 28 U.S.C. § 1441, but he quotes the language of 28 U.S.C. § 1446.

4

make clear that original and complete jurisdiction over attorney disciplinary actions rests with the Supreme Court of Maryland. Md. At'tys. R. Prof. Conduct 19-721(a)(1); Md. At'tys. R. Prof. Conduct 19-722; *Rheinstein*, 2017 WL 4167402, at *2 (citation omitted). And so, an attorney disciplinary proceeding based on state rules raises a question of state law. *Rheinstein*, 2017 WL 4167402, at *3; *see also* ECF No. 5 at 4. Given this, the attorney disciplinary issues in this case may only be considered by the Supreme Court of Maryland. *Id*.

A careful reading of the petition shows that the Plaintiff/Petitioner has not raised a separate federal question in this case that would fall within the Court's subject-matter jurisdiction. *See* ECF No. 5-3; *see also* 28 U.S.C. § 1441(a); *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). And so, this Court's consideration of this matter is only appropriate to the extent that the Defendant/Respondent raises a separate federal question within the Court's original jurisdiction. 28 U.S.C. § 1441(a); *Strawn*, 530 F.3d at 296. Notably, the issues that the Defendant/Respondent raises in his notice of removal regarding the Circuit Court proceeding are solely based on Maryland state law and rules. *See* ECF No. 1 at 2-4. (listing the alleged violations with references to Maryland case law and citations to Maryland Attorneys' Rules of Professional Conduct). Given this, the Defendant/Respondent's claim that he was denied due process, based on alleged violations of state law and rules and the state Courts' decisions, does not create a federal question.

Given this, the Defendant/Respondent has not met his burden to show that removal jurisdiction is appropriate in this case. *Strawn*, 530 F.3d at 297. And so, the Court will GRANT the Plaintiff/Petitioner's motion to remand.

## Conclusion

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff/Petitioner's motion to remand (ECF No. 5) and

(2) **REMANDS** this matter to the Supreme Court of Maryland.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge