Case 8:24-cv-02807-LKG   Document 20   Filed 03/10/25   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ATTORNEY GRIEVANCE COMMISSION OF MARYLAND, ) ) ) ) | |
| Plaintiff/Petitioner, ) ) | Civil Action No. 24-cv-02807-LKG |
| v. ) ) | Dated: March 10, 2025 |
| GARY STEVEN PISNER, ) ) | |
| Defendant/Respondent, *pro se*. ) | |

## MEMORANDUM OPINION AND ORDER DENYING THE DEFENDANT/RESPONDENT'S MOTIONS FOR RECONSIDERATION AND TO STAY

### Introduction

The Defendant/Respondent, Gary Steven Pisner, has moved for reconsideration of the Court's December 19, 2024, memorandum opinion and order (ECF No. 15) remanding this matter to the Supreme Court of Maryland, pursuant to Fed. R. Civ. P. 59(e), and for a stay of proceedings pending appeal. ECF No. 17. These motions are fully briefed. ECF Nos. 17, 17-1 and 18. No hearing is necessary to resolve the motions. L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** the Defendant/Respondent's motions for reconsideration and for a stay (ECF No. 17).

### Factual Background[1]

On December 5, 2023, the Attorney Grievance Commission of Maryland (the "Commission") filed a petition for disciplinary or remedial action against Mr. Pisner in the Supreme Court of Maryland. ECF No. 5-3. The Commission alleges in the petition that Mr. Pisner violated multiple provisions of the Maryland Attorneys' Rules of Professional Conduct. *Id.* at ¶ 110.

On September 27, 2024, Mr. Pisner removed this matter from the Supreme Court of

---

[1] The facts recited in this memorandum opinion and order are taken from the Commission's memorandum of law in support of the motion to remand, the petition for disciplinary or remedial action and Mr. Pisner's notice of removal. ECF Nos. 1, 5-1 and 5-3.

Maryland to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1447.  ECF No. 1.  In the September 27, 2024, Notice of Removal, Mr. Pisner alleged that multiple "constitutional deficiencies" occurred while this matter was pending in the Circuit Court for Montgomery County, Maryland.  ECF No. 1 at 2-3.  Mr. Pisner also alleged that: (1) the Circuit Court did not address the alleged constitutional deficiencies before the case was returned to the Supreme Court of Maryland, on July 30, 2024, and (2) he filed a motion to establish a briefing schedule "to address the procedural and due process errors, that the circuit court . . . failed to remedy[,]" which was denied by the Supreme Court of Maryland, on August 28, 2024.  *Id.* at 3-4.  And so, Mr. Pisner argued that removal to this Court was appropriate under 28 U.S.C. § 1441(1)(c)(A), because: (1) "the issues [he raised] constitute a claim arising under the U.S. Constitution of the United States" and (2) "the . . . Maryland rules related to Maryland disciplinary proceedings act as [an] unconstitutional constitutional impediment, and this Court['s] intervention can remove that impediment."  *Id.* at 4.

On October 9, 2024, the Commission filed a motion to remand.  ECF No. 5.  After the motion to remand was fully briefed, the Court issued a memorandum opinion and order remanding the case to the Supreme Court of Maryland on December 19, 2024 (the "December 19, 2024, Decision").  ECF No. 15.  In the December 19, 2024, Decision, the Court held that Mr. Pisner had not met his burden to show that the removal of this case was appropriate, because the Maryland Attorneys' Rules for Professional Conduct and Maryland law make clear that original and complete jurisdiction over attorney disciplinary actions rests with the Supreme Court of Maryland.  ECF No. 15 at 4-5; *see also Attorney Grievance Comm'n of Md. v. Rheinstein*, No. 17-2550, 2017 WL 4167402, at *2 (D. Md. Sept. 20, 20217) (citation omitted).  And so, the Court concluded that the attorney disciplinary issues in this case may only be considered by the Supreme Court of Maryland.  *Id.* at 5.  The Court also held that Mr. Pisner had not raised a separate federal question in this case that would fall within the Court's subject-matter jurisdiction, because the issues that he raised in the notice of removal were solely based on Maryland state law and rules.  *Id.*; *see* ECF No. 1 at 2-4 (listing the alleged violations with references to Maryland case law and citations to Maryland Attorneys' Rules of Professional Conduct).  And so, the Court granted the Commission's motion to remand and remanded this matter to the Supreme Court of Maryland.  ECF No. 15 at 5.

## Standards Of Decision

### A. Rule 59(e)

A party may move to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or seek relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59 & 60(b). Pursuant to Rule 59(e), a party may move to alter or amend a court's judgment within 28 days of entry. Fed. R. Civ. P. 59(e). A judgment may be amended under Rule 59(e), however, in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted).

## Analysis

Mr. Pisner seeks reconsideration of the Court's December 19, 2024, Decision upon the following three grounds: (1) the Court included factual allegations in the factual background and procedural history of the December 19, 2024, Decision that "are either proven to be false or are presented in a way that is misleading" and omitted material facts from his answer; (2) the Court did not address his sur-reply; and (3) constitutional compliance is mandatory in disciplinary matters. ECF No. 17-1 at 4-9. In addition, Mr. Pisner seeks a stay of this matter pending his appeal. *Id.* at 9-11. And so, the Mr. Pisner requests that the Court either vacate or revise the December 19, 2024, Decision, and stay this matter pending appeal. *Id.* at 6.

The Commission counters that reconsideration of the December 19, 2024, Decision is not warranted, because: (1) the Court does not possess subject-matter jurisdiction over this matter and (2) Mr. Pisner offers no new argument, law or evidence to support reconsideration. ECF No. 18 at 2-5. In addition, the Commission argues that the Court should deny Mr. Pisner's motion to stay, because this case has been remanded to the Supreme Court of Maryland and Mr. Pisner fails to meet the requirements for a stay. *Id.* at 5-6. And so, the Commission requests that the Court deny Mr. Pisner's motion. *Id.* at 6.

For the reasons that follow, Mr. Pisner has neither shown that reconsideration of the Court's December 19, 2024, Decision is warranted under Rule 59(e), nor that a stay of this matter is appropriate. And so, the Court DENIES Mr. Pisner's motions.

As an initial matter, Mr. Pisner has not met his burden to show that reconsideration of the Court's December 19, 2024, Decision is warranted. Pursuant to Rule 59(e), a party may move to alter or amend the Court's judgment within 28 days of entry. Fed. R. Civ. P. 59(e). But a judgment may only be amended under Rule 59(e) in three discrete circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkand*, 478 F.3d at 637 (citing *Ingle*, 439 F.3d at 197) (internal quotations omitted).

Mr. Pisner has not show that any of these circumstances are present here. Notably, Mr. Pisner does not identify an intervening change in controlling law, or new evidence that would warrant reconsideration. ECF No. 17-1. Nor does Mr. Pisner show that reconsideration is needed to correct a clear error of law or prevent manifest injustice. *Id.* Rather, Mr. Pisner seeks in his motion for reconsideration to challenge the factual background and procedural history contained in the December 19, 2024, Decision and to re-argue arguments that have been previously considered by the Court. Because such concerns are not a proper basis for reconsideration under Rule 59 (e), the Court must DENY Mr. Pisner's motion for reconsideration. Fed. R. Civ. P. 59(e).

Mr. Pisner also fails to show that a stay of proceedings is warranted in this matter. As the Commission correctly observes, the Court cannot award such relief here, because this matter was remanded to the Supreme Court of Maryland on December 20, 2024. ECF No. 18 at 3-4; *see also* ECF No. 16. And so, the Court also DENIES Mr. Pisner's motion to stay.

## Conclusion

For the foregoing reasons, the Court **DENIES** the Defendant/Respondent's motions for reconsideration and to stay this matter (ECF No. 17).

The Clerk is **DIRECTED** to **CLOSE** the case.

**IT IS SO ORDERED.**

                                            s/Lydia Kay Griggsby
                                            LYDIA KAY GRIGGSBY
                                            United States District Judge